UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Julieanna Jo Sherrod,

    Debtor.
_____/

Case No. 20-32064-jda
Chapter 13
Hon. Joel D. Applebaum

Angela Cheers,

    Plaintiff,

v.

Adv. Pro. No. 21-03006-jda

Julieanna Jo Sherrod,

    Defendant.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REOPENING CASE

The matter before the Court is Plaintiff Angela Cheers' Motion to Reopen Adversary Proceeding. For the reasons stated in this Opinion, the Motion is granted, the Order of Dismissal is set aside, and the case is reopened.

### I.
### FACTS

On December 22, 2020, Julieanna Jo Sherrod filed an individual chapter 13 bankruptcy petition. Included on Debtor's Schedule F (nonpriority unsecured debt) is a disputed, unliquidated debt owed to Angela Cheers.

On February 12, 2021, Plaintiff/Creditor Angela Cheers filed an adversary proceeding against Debtor/Defendant seeking to have the debt held to be non-dischargeable in Debtor's bankruptcy. Specifically, the Complaint seeks a non-dischargeable judgment in the amount of $151,291.44 (damages of $50,430.48 trebled). The three count complaint alleges larceny and embezzlement under 11 U.S.C. § 523(a)(4)(Counts I and II), and conversion under MCL 600.2919a (Count III). The complaint arises from alleged unauthorized withdrawals Debtor made from one of Plaintiff's bank accounts.

On March 12, 2021, Defendant filed a motion to dismiss for failure to state a claim (Fed. R. Civ. P. 12(b)(6)).

Plaintiff did not file a response to Defendant's motion to dismiss, and on April 2, 2021, Defendant filed a certificate of non-response.

On April 2, 2021, the Court entered an order granting Defendant's motion to Dismiss. On that same date, Plaintiff's Counsel attempted to file a response to the motion to dismiss, but it could not be filed because the dismissal order had already been entered.

One day later, on April 3, 2021, Plaintiff filed the present Motion to Reopen the adversary proceeding. The Motion, which was brought pursuant to Fed. R. Civ P. 60(b)(1), asserts that Plaintiff's counsel erroneously believed she had 21 days (i.e. until April 2, 2021) to file a response to the dismissal motion. The response time for

2

a motion to dismiss is actually 14 days (plus three for mailing). E.D. Mich. LBR 9014-1. Plaintiff's response was due on March 29, 2021.

On April 13, 2021, Plaintiff filed a supplemental Motion to Reopen (Dkt. 10). The supplemental Motion requests that, if the Court does not set aside the dismissal order, the Court amend the order to dismiss without prejudice. It also asserts that Defendant's motion to dismiss, filed in lieu of an answer to the complaint, presents matters outside of the pleadings and should be treated as a motion for summary judgment under Fed. R. Civ P. 56. In the alternative, Plaintiff invokes the Court's equitable powers under 11 U.S.C. § 105.

On April 15, 2021, Defendant filed a Response to Plaintiff's Motion to Reopen (Dkt. 11). The Response argues that attorney error is not excusable neglect under Fed. R. Civ. P. 60(b)(1), and that Defendant will be "substantially prejudiced should this court set aside the dismissal, specifically, that she will have to incur significant costs and fees of defending the adversary in its entirety. (Response ¶ 5).

Having reviewed the record and the pleadings in this matter, the Court finds that oral argument is not necessary, and the Court will rule on the written record.

## II.
## STANDARD FOR SETTING ASIDE ORDER UNDER FED. R. CIV. P. 60

Federal Rule of Civil Procedure 60(b)(1), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, provides, in relevant part, that "[o]n motion

3

and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The issue in the present case is whether Plaintiff's failure to timely file a response to Defendant's motion to dismiss constitutes excusable neglect such that the dismissal order should be set aside and the adversary proceeding reopened.

In *Pioneer Investment Services Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380 (1993), the U.S. Supreme Court explored the circumstances under which a party's neglect could be considered excusable.[1] The Court first addressed the meaning of the word "neglect," focusing on its ordinary meaning, and finding that it "encompasses both simple, faultless omissions to act and, more commonly omissions caused by carelessness." *Id.* at 388.

> Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.' Hence, by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect' . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control.

*Pioneer* at 388 (citations omitted).

---

[1] *Pioneer* addressed "excusable neglect" under Fed. R. Bankr. P. 9006(b)(1)(as to untimely filed claims), however, it expressly addressed "excusable neglect" under Rule 60(b) by analogy and, the case is routinely applied to determine "excusable neglect" under Rule 60(b).

The Supreme Court went on to address the requirement that neglect be "excusable," finding such a determination is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer* at 395. *See accord Norpak Corp. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.)*, 131 F.3d 1185, 1188 (6th Cir. 1997). The Supreme Court adopted the factors used by the lower court (the Sixth Circuit Court of Appeals) for determining when a party's neglect is excusable. Those factors are:

    (1)    the danger of prejudice to the other party;

    (2)    the length of delay and its potential impact on judicial proceedings;

    (3)    the reason for the delay (including whether the delay was within the reasonable control of the late party); and

    (4)    whether the late party acted in good faith.

*Pioneer Investment*, 507 U.S. at 395. See also *Eagle-Picher*, 131 F.3d at 1188. Because a finding of "excusable neglect" turns on the facts and circumstances of each case, "there is no easy line to be drawn." *Howard v. Nationwide Property and Cas. Ins. Co.*, 306 Fed. Appx. 265, 268 (6th Cir. 2009)(and cases cited therein).

### III.
### ANALYSIS

In the present case, Defendant asserts that "[a]ttorney error is not excusable neglect, full stop." (Response Br. at 4). The Court does not believe that is accurate.

Rather, under applicable case law, determinations regarding whether to set aside an order under Rule 60(b) are made based on the facts and circumstances of *each* case, using the factors set forth in *Pioneer*. Application of those factors to this case weighs in favor of granting Plaintiff's Motion.

Plaintiff's failure to file a timely response to Defendant's motion to dismiss was a matter of "inadvertence, mistake, or carelessness" – in other words, "neglect" as defined by the Supreme Court in *Pioneer*. She mistakenly believed she had 21 days to file the response when, in fact, she had only 14 days.

First, while the Court takes missed deadlines very seriously, the late filing in this case does not prejudice Defendant (the first *Pioneer* factor). The sole prejudice claimed by Defendant is that she will now have to defend the case on its merits. That is not, in this Court's view, the type of prejudice contemplated by the Court in *Pioneer*. But for Plaintiff's error – corrected within one day – Defendant was expecting to defend this case on its merits. Defendant will no doubt be disappointed that she will still have to defend this case on its merits, but disappointment is not synonymous with prejudice.

Second, the late response caused no delay in dealing with the motion to dismiss or any other matter in this case (the second *Pioneer* factor). Plaintiff's response was filed within hours of Defendant's certificate of non-response, and her motion seeking to have the order dismissing the case set aside (the present Motion

to Reopen) was filed the following day. Plaintiff could not have been more prompt in addressing the error.

Third, the missed deadline was within Plaintiff's reasonable control because the reason for the delay was Plaintiff's mistake or misunderstanding of the 14 day filing deadline (the third *Pioneer* factor), but there is nothing to indicate that the late filing resulted from a lack of good faith on Plaintiff's part (the fourth *Pioneer* factor). Moreover, the Court views these factors as slightly less significant than the first two factors because, as a practical matter, missed deadlines are almost always within the reasonable control of the moving party, and it is difficult, absent hard evidence, for the non-moving party to rebut a moving party's assertions of good faith.

Therefore, applying the *Pioneer* factors to the specific facts of this case, the Court finds that the late filed response to Defendant's Motion to Dismiss was a result of excusable neglect and that the Order dismissing the case should be set aside.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen this adversary proceeding is GRANTED.

**Signed on May 10, 2021**



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**